## CIRCUIT COURT OF ACCOMACK COUNTY

Birchwood Motel, Inc.

v.

Virginia Marine
Resources Commission

October 30, 2007

Case No. 07CL241

BY JUDGE GLEN A. TYLER

The Virginia Marine Resources Commission filed a Motion to Dismiss the Petition for Appeal in this case pursuant to Va. Sup. Ct. R. 3:8. The Commission argues four reasons.

I. The Petition does not state facts relied upon with brevity in numbered paragraphs. Va. Sup. Ct. R. 1:4(d), (j).

The first pleading filed with a court in an appeal of an administrative case decision is a petition for appeal. Va. Sup. Ct. R. 2A:4. That Rule requires a petition to (a) designate the regulation or case decision appealed from, (b) specify the errors assigned, (c) state the reasons why the case decision is *unlawful*, and (d) conclude with a specific statement of the relief requested. The Rule does not require the petition to allege facts relied upon, as in a complaint at law or in equity. Petitions for appeal can be prepared and filed and are filed, as in this case, before the filing of a transcript or record on appeal. Va. Sup. Ct. R. 3A:3. The Appellant in this case chose to state at great length why the case decision is unlawful by referring variously to the factual

history and evidence presumably adduced at the agency formal hearing. In other words, the Appellant chose to set out in trial brief form a long narrative of alleged facts, and even argument, also not required in a petition for appeal. Consequently, the Commission feels compelled to respond to those allegations because, pursuant to Va. Sup. Ct. R. 2A:5, further proceedings are to be as in a suit in equity under Part Three of the Rules, meaning that the case is commenced by a petition and must be answered under Va. Sup. Ct. R. 3:8 within 21 days (after a ruling on a motion to dismiss).

If an appellant chooses to allege substantive facts, which Va. Sup. Ct. R. 2A:4 does not require, they must be alleged in numbered paragraphs and with brevity so that the Commission can respond in its answer.

II. The Petition fails to aver that the case decision is inconsistent with the public trust doctrine.

The law requires the Commission to make decisions consistent with the public trust doctrine and, if so made, the decision is deemed not to have been made pursuant to the police power. Va. Code Ann. § 28.2-1205 (2007 Cum. Supp.). The law requires an appellant to designate and demonstrate an error of law subject to review, including compliance with statutory authority. Va. Code Ann. § 2.2-4027 (2007 Cum. Supp.). However, a general averment, without specifying that particular doctrine is sufficient for a petition for appeal. Furthermore, the Commission has the opportunity to move for a bill of particulars if it is so advised. Finally, compliance with the public trust doctrine may be a defense or an affirmative defense as the case may be. There is no requirement for a positive averment by an appellant

III. The Petition violates Va. Sup. Ct. R. 2A:3 by referring to a transcript not at the time of the Petition a part of the record.

This ground for the Commission's Motion is somewhat covered in the discussion of the first ground referred to above. The Rule providing how and when a transcript becomes a part of the record is not itself violated by premature reference to the transcript in a petition for appeal. Furthermore, reference to an unofficial transcript is harmless surplusage at the pleading stage, because such references are unnecessary in a petition for appeal.

IV. The Notice of Appeal failed to satisfy all of the requirements of Va. Sup. Ct. R. 2A:2.

Appellant gave Notice of Appeal of a case decision dated February 28, 2007, yet the Petition for Appeal designates the case decision appealed from as being dated February 27, 2007. The law requires that the terms of any final agency case decision, as signed by it, shall be served upon the named parties

by mail. Va. Code Ann. § 2.2-4023 (2005 Repl. Vol.). At this point the Court does not know whether it was served, but presumes that it was served by the Commission, neither party having stated in brief or argument to the contrary. The law requires the appellant to *identify* the case decision appealed from in its Notice of Appeal. Va. Sup. Ct. R. 2A:2. Using the date of the formal hearing at which a decision was orally announced or the date of a letter dated the next day, stating the decision, does not necessarily misidentify the decision appealed from. The Petition for Appeal shall *designate* the case decision appealed from. Va. Sup. Ct. R. 2A:4. Again, the Rule does not require that the precise date be used to designate the decision. It is not misdesignated by the use of either the date of the hearing or the date of the Commission's letter. Incidentally, the Commission's letter to Appellant acknowledges receipt of the Notice of Appeal and "notes your appeal of the February 28, 2007, decision. . . ." notwithstanding the argument on brief of the Commission that the decision was on February 27, 2007.

Appellant's Notice of Appeal did not "state the names and addresses of the appellant and of all other parties and their counsel, if any. . . ." as required by Va. Sup. Ct. R. 2A:2, in that the Notice did not state the name and address of the Commission's counsel. This failure to comply with a ministerial requirement is not prejudicial to the Commission and is not fatally defective or jurisdictional because it may be ambiguous in the sense that one may interpret "other" to not include the Commission's counsel and include only other people who are parties.

The Motion to Dismiss is granted on ground number one and denied on grounds numbered two, three, and four. This decision is without prejudice; the Appellant may, within twenty-one days of the entry of the order to be entered hereon, if it is so advised, file an amended notice of appeal.

The appellant filed a Motion for Default/Summary Judgment because the Commission did not prepare and certify the record as "soon as possible."

The law is set out in Va. Sup. Ct. R. 2A:3. It is well known that administrative agencies of all kinds make case decisions by the hundreds that are appealed by lawyers and laymen, effectively and defectively. Many such appeals are dismissed summarily for myriad reasons. To require agencies to prepare and certify records, often extremely large and expensive to prepare, before a motion to dismiss is disposed of would be extremely wasteful of government resources, and that is not what the Rule requires. The delay in the scheduling of the hearing before this Court on the Commission's Motion to Dismiss from the time of its filing on May 18, 2007, until the hearing on October 24, 2007, very well may have been to accommodate the calendar of one attorney or party as to accommodate the other. We notice that the

Appellant's Motion for Default/Summary Judgment was not filed until October 4, 2007, along with its brief in opposition to the Commission's Motion to Dismiss. The agency record was filed October 19, 2007. It is not necessary for the Court to review it in order to decide these preliminary motions.

The Appellant's Motion is denied.